Robert V. Prongay (SBN 270796)
  *rprongay@glancylaw.com*
Charles Linehan (SBN 307439)
  *clinehan@glancylaw.com*
Pavithra Rajesh (SBN 323055)
  *prajesh@glancylaw.com*
**GLANCY PRONGAY & MURRAY LLP**
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Counsel for Lead Plaintiff Movant
David Horning*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SPITZER, Individually and On Behalf of All Others Similarly Situated,<br><br>             Plaintiff,<br><br>      v.<br><br>ROBERT C. FLEXON, DARREN R. JAMISON, JOHN J. JURIC, SCOTT W. ROBINSON, and FREDERICK S. HENCKEN III,<br><br>             Defendants. | Case No. 2:23-cv-08659-HDV-MAR<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION OF DAVID HORNING FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL** |

# **TABLE OF CONTENTS**

I.    PRELIMINARY STATEMENT ........................................................................... 1

II.   FACTUAL BACKGROUND ............................................................................. 2

III.  ARGUMENT .................................................................................................... 3

    A.    Horning Should Be Appointed Lead Plaintiff ........................................ 3

        1.    Horning Filed A Timely Motion ..................................................... 4

        2.    Horning Has The Largest Financial Interest In The Relief Sought By The Class ........................................................................................ 5

        3.    Horning Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure ................................................................. 6

            a)    Horning's Claims Are Typical ............................................. 7

            b)    Horning Is An Adequate Representative ............................. 7

    B.    The Court Should Approve Lead Plaintiff's Choice Of Counsel ........... 8

IV.   CONCLUSION ................................................................................................. 8

# TABLE OF AUTHORITIES

CASES

*Hanlon v. Chrysler Corp.*,
150 F.3d 1011 (9th Cir. 1998) ............................................................................... 7

*In re Cavanaugh*,
306 F.3d 726 (9th Cir. 2002) .............................................................................. 4, 6

*In re Cendant Corp. Litig.*,
264 F.3d 201 (3d Cir. 2001) ................................................................................... 6

*In re Gemstar-TV Guide Int'l. Sec. Litig.*,
209 F.R.D. 447 (C.D. Cal. 2002) ........................................................................... 5

*In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*,
693 F.2d 847 (9th Cir. 1982) ................................................................................. 8

*Osher v. Guess? Inc.*,
No. 01-cv-00871, 2001 WL 861694 (C.D. Cal. Apr. 26, 2001) ........................ 6, 7

*Richardson v. TVIA*,
No. 06-cv-06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007) ............... 6

*Takeda v. Turbodyne Techs., Inc.*,
67 F. Supp. 2d 1129 (C.D. Cal. 1999) ................................................................... 8

*Waterford Twp. Police v. Mattel, Inc.*,
2017 WL 10667732 (C.D. Cal. Sept. 29, 2017) .................................................... 4

*Yanek v. Staar Surgical Co.*,
No. CV 04–8007 SJO (CWx), 2004 WL 5574358 (C.D. Cal. Dec. 15, 2004) ....... 8

*Yousefi v. Lockheed Martin Corp.*,
70 F. Supp. 2d 1061 (C.D. Cal. 1999) ................................................................... 8

STATUTES

15 U.S.C. § 78u-4 ........................................................................................................*passim*

RULES

Fed. R. Civ. P. 23........................................................................................................*passim*

David Horning ("Horning") submits this memorandum of law in support of his motion to appoint Horning as Lead Plaintiff and to approve Glancy Prongay & Murray LLP ("GPM") as Lead Counsel pursuant to Section 21D of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 (15 U.S.C. § 78u-4), on behalf of a putative class (the "Class") of all persons and entities that purchased or otherwise acquired Capstone Green Energy Corp. ("Capstone" or the "Company") securities between June 14, 2021 and September 22, 2023, inclusive (the "Class Period")

## I.    PRELIMINARY STATEMENT

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that the Court shall appoint the "most adequate plaintiff"—the plaintiff most capable of adequately representing the interests of Class members—as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B). Pursuant to the PSLRA, the plaintiff or movant with the largest financial interest in the relief sought by the Class who otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") is presumed to be the most adequate plaintiff. This motion is made on the grounds that Horning is the "most adequate plaintiff" as defined by the PSLRA.

Horning has "the largest financial interest in the relief sought by the class" as a result of Defendants' wrongful conduct as alleged in this action. In addition, for purposes of this motion, Horning satisfies the relevant requirements of Rule 23, as his claims are typical of other Class members' claims, and he is committed to fairly and adequately representing the interests of the Class. Thus, pursuant to the PSLRA's lead plaintiff provision, Horning respectfully submits that he is the presumptively the most adequate plaintiff and should be appointed as lead plaintiff for the Class. Additionally, Horning's selection of GPM as Lead Counsel for the Class should be approved because the firm has substantial expertise in securities class action litigation and the experience and resources to efficiently prosecute this action.

## II.    FACTUAL BACKGROUND

Capstone is a California based gas turbine manufacturer that specializes in microturbine power along with heating and cooling cogeneration systems.

The complaint alleges that Defendants made materially false and/or misleading statements, as well as failed to disclose material adverse facts about the Company's business, operations, and prospects throughout the Class Period. Specifically, the complaint alleges that the Defendants failed to disclose to investors: (1) that the Company had engaged in "bill and hold transactions" with customers; (2) that these transactions were not reported pursuant to generally accepted accounting principles ("GAAP"); (3) that, "as a result of apparent errors primarily related to revenue recognition associated with bill and hold transactions" the Company lacked a reasonable basis to report certain financial results and was reasonably likely to restate its financial statements; and (4) that, as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis.

On August 15, 2023, after the closing of trading, the Company announced its inability to timely file a Form 10-Q due to an "ongoing review and investigations by the Audit Committee of financial reporting and other matters."

On this news, the Company's stock price fell $0.05, or 5%, to close at $0.89 per share August 16, 2023, on unusually high trading volume. The Company's stock price continued to fall the next trading session by $0.05, or 5%, to close at $0.84 per share on August 17, 2023.

Then, on August 18, 2023, after trading hours, the Company announced it had entered into a Fifth Amendment to its Amended and Restated Note Purchase Agreement among the Company, Goldman Sachs Specialty Lending Group, L.P. and a purchaser party. Capstone also reported receipt of a notice from the NASDAQ

exchange that the Company was not in compliance with listing requirements due to its failure to file periodic financial reports.

On this news, the Company's stock price fell $0.26, or 30%, to close at $0.58 per share on August 21, 2023, on unusually high trading volume.

Then, on September 22, 2023, after trading hours, the Company disclosed that certain financial statements could no longer be relied upon "as a result of apparent errors primarily related to revenue recognition associated with bill and hold transactions that were identified in the course a review by the Audit Committee[.]" The Company disclosed there were "numerous instances where bill and hold transactions did not appear to meet the requirements for revenue recognition under GAAP."

Then, on September 28, 2023, the Company announced it had filed for Chapter 11 bankruptcy. On this news, the Company's stock price fell $0.10, or 17%, to close at $0.50 per share on September 28, 2023.

Then, on October 4, 2023, after trading hours, it was announced that the company would be delisted, and the ticker symbol changed from CGRN to CGRNQ.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, members of the Class have suffered losses and damages.

## III.   ARGUMENT

### A.   Horning Should Be Appointed Lead Plaintiff

The PSLRA provides the procedure for selecting a lead plaintiff in class actions brought under the federal securities laws. The PSLRA provides a "rebuttable presumption" that the "most adequate plaintiff"—*i.e.*, the plaintiff most capable of adequately representing the interests of the Class—is the person or group that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also Waterford Twp. Police v. Mattel, Inc.*, 2017 WL 10667732, at *3 (C.D. Cal. Sept. 29, 2017).

The presumption in favor of appointing a plaintiff or group of plaintiffs as lead plaintiff may be rebutted only upon proof "by a purported member of the plaintiff class" that the presumptively most adequate plaintiff:

> (aa)   will not fairly and adequately protect the interest of the class; or
>
> (bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(II).

As set forth below, Horning has complied with all the PSLRA's requirements and satisfies all of the PSLRA criteria to be appointed lead plaintiff.  Horning, to the best of his knowledge, has the largest financial interest in this litigation, satisfies the relevant requirements of Rule 23, and is not aware of any unique defenses Defendants could raise against him that would render him inadequate to represent the Class. Accordingly, Horning respectfully submit that he should be appointed lead plaintiff. *See In re Cavanaugh*, 306 F.3d 726, 730 (9th Cir. 2002) ("If the plaintiff with the largest financial stake in the controversy provides information that satisfies these requirements, he becomes the presumptively most adequate plaintiff").

**1.     Horning Filed A Timely Motion**

On October 13, 2023, notice was published pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(3)(A). *See* Declaration of Charles H. Linehan in Support of the Motion of David Horning for Appointment as Lead Plaintiff and Approval of Lead Counsel ("Linehan Decl."), Ex. A. Therefore, Horning had sixty days (*i.e.*, until December

12, 2023), to file a motion to be appointed as Lead Plaintiff. As a purchaser of Capstone securities during the Class Period, Horning is a member of the proposed class and has timely filed a motion for appointment as lead plaintiff within sixty days of the notice. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

Additionally, as set forth in his PSLRA certification, Horning attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as a representative of the Class. *See* Linehan Decl."), Ex. B. Accordingly, Horning satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.       Horning Has The Largest Financial Interest In The Relief Sought By The Class

The PSLRA requires a court to adopt the rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii) (emphasis added); *In re Gemstar-TV Guide Int'l. Sec. Litig.*, 209 F.R.D. 447, 450 (C.D. Cal. 2002). At the time of this filing, Horning believes that he has the largest financial interest among Class members who filed timely applications for appointment as lead plaintiff and accordingly is presumed to be the "most adequate plaintiff."

Horning purchased Capstone securities during the Class Period at prices alleged to be artificially inflated by Defendants' misstatements and omissions and, as a result, suffered financial harm of approximately $64,352.82. *See* Linehan Decl., Ex. C. To the best of his knowledge, Horning is not aware of any other Class member that has filed a motion for appointment as lead plaintiff who claims a larger financial interest. As such, Horning believes he has the "largest financial interest in the relief sought by the class," and thus satisfies the second PSLRA requirement to be appointed as lead plaintiff for the Class.

**3.  Horning Satisfies The Requirement Of Rule 23 Of The Federal Rules Of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure. *See Cavanaugh*, 306 F.3d at 729-30. Rule 23(a) generally provides that a class action may proceed if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class.

Fed. R. Civ. P. 23(a).

In making its determination that putative lead plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification; instead, a *prima facie* showing that the movants satisfy the requirements of Rule 23 is sufficient. *Osher v. Guess? Inc.*, No. 01-cv-00871, 2001 WL 861694, at *3 (C.D. Cal. Apr. 26, 2001). At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson v. TVIA*, No. 06-cv-06304 RMW, 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing *Cavanaugh*, 306 F.3d at 730)); *In re Cendant Corp. Litig.*, 264 F.3d 201, 263 (3d Cir. 2001) ("The initial inquiry . . . should be confined to determining whether the movant has made a *prima facie* showing of typicality and adequacy").

### a)    Horning's Claims Are Typical

Rule 23(a)(3) of the Federal Rules of Civil Procedure requires that, "the claims . . . of the representative parties" be "typical of the claims . . . of the class." A proposed lead plaintiff's claims are typical of the class when the proposed lead plaintiff's claims and injuries arise from the same events or course of conduct that gives rise to other class members' claims and plaintiff's claims are based on the same legal theory. *See Osher*, 2001 WL 861694, at *4. Under Rule 23 a lead plaintiff's, "claims are typical 'if he is reasonably coextensive with those of the absent class members; they need not be substantially identical.'" *Id.* (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998)).

Here, Horning's claims are typical of the claims asserted by the proposed Class. Like all members of the Class, Horning suffered losses as a result of his Capstone transactions during the Class Period. Like all members of the Class, Horning alleges that the Defendants violated federal securities laws by disseminating materially misleading statements concerning Capstone's operations and financial prospects. Horning's losses, like the losses suffered by all other members of the Class, arise from the artificial inflation of Capstone's share price caused by the Defendants' alleged misrepresentations and omissions. Accordingly, Horning's interests and claims are typical of the interests and claims of the Class.

### b)    Horning Is An Adequate Representative

The Rule 23(a)(4) adequacy requirement is satisfied where it is established that a representative party "will fairly and adequately protect the interests of the class." Accordingly,

> The Ninth Circuit has held that representation is "adequate" when counsel for the class is qualified and competent, the representative's interests are not antagonistic to the interests of absent class members, and it is unlikely that the action is collusive.

*Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1137 (C.D. Cal. 1999) (citing *In re Northern Dist. of Cal., Dalkon Shield IUD Prod. Liab. Litig.*, 693 F.2d 847, 855 (9th Cir. 1982)).

Here, Horning satisfies the adequacy requirements. "[N]o evidence exists to suggest that [Horning is] antagonistic to other members of the class or [his] attorneys, thereby meeting the adequacy of representation requirement." *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1071 (C.D. Cal. 1999) (citation omitted). Horning resides in Albany, Kentucky, and owns an apparel company. Moreover, Horning has retained competent and experienced counsel with the resources and expertise to efficiently and effectively prosecute this action. *See* Linehan Decl., Ex. D (GPM firm résumé). As such, Horning is adequate to represent the Class and should be appointed as lead plaintiff.

**B.     The Court Should Approve Lead Plaintiff's Choice Of Counsel**

The PSLRA vests authority in the lead plaintiff to select and retain counsel, subject to approval of the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Yanek*, 2004 WL 5574358, at \*7. Here, Horning has retained GPM to pursue this litigation on his behalf and will retain the firm as lead counsel in the event Horning is appointed as lead plaintiff. As reflected by the firm's résumé, attached to the Linehan Declaration as Exhibit D, the Court may be assured that, by granting Horning's motion, the Class will receive the highest caliber of legal representation. Accordingly, the Court should approve Horning's selection of counsel.

**IV.    CONCLUSION**

For the foregoing reasons, Horning respectfully requests that the Court grant his Motion and enter an Order: (1) appointing Horning as Lead Plaintiff; (2) approving Glancy Prongay & Murray LLP as Lead Counsel for the Class; and (3) granting such other and further relief as the Court may deem just and proper.

Dated: December 12, 2023

Respectfully submitted,

**GLANCY PRONGAY & MURRAY LLP**

By: _/s Charles H. Linehan_
Robert V. Prongay
Charles H. Linehan
Pavithra Rajesh
1925 Century Park East, Suite 2100
Los Angeles, California 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160
Email: clinehan@glancylaw.com

*Counsel for Lead Plaintiff Movant David Horning and Proposed Lead Counsel for the Class*

**LAW OFFICES OF HOWARD G. SMITH**
Howard G. Smith
3070 Bristol Pike, Suite 112
Bensalem PA 19020
Telephone: (215) 638-4847
Facsimile: (215) 638-4867

*Additional Counsel*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for David Horning, certifies that this brief contains 2,415 words, which complies with the word limit of L.R. 11-6.1.

DATED: December 12, 2023          *s/ Charles H. Linehan*
                                   Charles H. Linehan

**PROOF OF SERVICE BY ELECTRONIC POSTING**

I, the undersigned say:

I am not a party to the above case, and am over eighteen years old. On December 12, 2023, I served true and correct copies of the foregoing document, by posting the document electronically to the ECF website of the United States District Court for the Central District of California, for receipt electronically by the parties listed on the Court's Service List.

I affirm under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on December 12, 2023, at Los Angeles, California.

*s/ Charles H. Linehan*
Charles H. Linehan