Lisa T. Omoto SBN 303830
E-mail: lomoto@faruqilaw.com
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060
Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885

James M. Wilson, Jr. (pro hac vice forthcoming)
Robert W. Killorin (pro hac vice forthcoming)
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331

*Attorneys for Proposed Lead Plaintiffs*
*Werner Hradecky & Karen Harmon*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SPITZER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT C. FLEXON, DARREN R. JAMISON, JOHN J. JURIC, SCOTT W. ROBINSON, and FREDERICK S. HENCKEN III,<br><br>Defendants. | No. 2:23-cv-08659-HDV-MAR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**<br><br>**<u>CLASS ACTION</u>**<br><br>Judge: Hon. Hernan D. Vera<br>Hearing Date: February 1, 2024<br>Time: 10:00 a.m.<br>Courtroom: 5B |

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................................ 1

FACTUAL BACKGROUND.................................................................................................... 2

ARGUMENT ........................................................................................................................... 4

I.       HRADECKY AND HARMON SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS........................................................................................................... 4

       A.       The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff....... 4

       B.       The PSLRA Requires That Hradecky and Harmon Be Appointed Lead Plaintiffs ................................................................................................................ 5

              1.       Hradecky and Harmon Filed a Timely Motion.......................................... 5

              2.       Hradecky and Harmon Have the Largest Financial Interest in the Relief Sought by the Class............................................................................. 6

              3.       Hradecky and Harmon Satisfy Rule 23's Typicality and Adequacy Requirements ............................................................................................... 7

II.      HRADECKY AND HARMON'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED........................................................................... 9

CONCLUSION........................................................................................................................ 12

i

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**No. 2:23-cv-08659-HDV-MAR**

## TABLE OF AUTHORITIES

**Cases**                                                                                                                   **Page(s)**

*Andrade v. Am. Apparel, Inc.*,
   No. 10-06352 MMM, 2011 WL 13130706 (C.D. Cal. Mar. 15, 2011) .....................................7

*Apple v. LJ Int'l, Inc.*,
   No. CV 07-6076 GAF, 2008 WL 11343371 (C.D. Cal. Feb. 8, 2008).......................................8

*In re Cavanaugh*,
   306 F.3d 726 (9th Cir. 2002) ..............................................................................................1, 4, 5, 7

*In re Countrywide Fin. Corp. Sec. Litig.*,
   273 F.R.D. 586 (C.D. Cal. 2009) ...........................................................................................8

*Deinnocentis v. Dropbox, Inc.*,
   No. 19-cv-06348-BLF, 2020 WL 264408 (N.D. Cal. Jan. 16, 2020) .....................................7

*Ferrari v. Gisch*,
   225 F.R.D. 599 (C.D. Cal. 2004) ...........................................................................................7

*Feyko v. Yuhe Int'l Inc.*,
   No. CV 11-05511 DDP, 2012 WL 682882 (C.D. Cal. Mar. 2, 2012) .....................................8

*In re Heritage Bond Litig.*,
   No. MDL 02-ML-1475 DT, 2004 WL 1638201 (C.D. Cal. July 12, 2004) ............................7

*Kokkinis v. Aegean Marine Petroleum Network, Inc.*,
   No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010 (S.D.N.Y. May 19, 2011)..........................8

*Montag v. Volkswagen AG*,
   No. 2:21-cv-03678-MCS-AS, 2021 WL 3930607 (C.D. Cal. July 21, 2021) .........................5

*Pace v. Quintanilla*,
   No. SACV 14-2067-DOC, 2014 WL 4180766 (C.D. Cal. Aug. 19, 2014) .............................6

*Reitan v. China Mobile Games & Ent. Grp., Ltd.*,
   68 F. Supp. 3d 390 (S.D.N.Y. 2014)......................................................................................9

*Richardson v. TVIA, Inc.*,
   No. C 06 06304 RMW, 2007 WL 1129344 (N.D. Cal. Apr. 16, 2007)...................................6

*Romero v. Growlife, Inc.*,
   No. 2:14-cv-3015-CAS(JEMx), 2014 WL 3734543 (C.D. Cal. July 23, 2014) ......................7

*Schriver v. Impac Mortg. Holdings, Inc.*,
   No. SACV 06-31 CJC (RNBx), 2006 WL 6886020 (C.D. Cal. May 2, 2006) ....................4, 5

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**No. 2:23-cv-08659-HDV-MAR**

*Takara Trust v. Molex Inc.*,
    229 F.R.D. 577 (N.D. Ill. 2005)....................................................................................6

*Zak v. Chelsea Therapeutics Int'l, Ltd.*,
    780 F.3d 597 (4th Cir. 2015) ...................................................................................10

**Statutes**

15 U.S.C. § 78u-4(a) ................................................................................................ *passim*

**Other Authorities**

Rule 23(a)(4)...............................................................................................................8

Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*,
    Law360 (July 16, 2020, 10:00 PM) .........................................................................12

Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*,
    BLOOMBERG L. (July 30, 2020, 4:45 AM)................................................................12

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**No. 2:23-cv-08659-HDV-MAR**

Werner Hradecky ("Hradecky") and Karen Harmon ("Harmon")[1] respectfully submits this memorandum of points and authorities pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), in support of their motion for the entry of an order for appointment as Lead Plaintiffs for the Action and approving their selection of the law firm of Faruqi & Faruqi, LLP (the "Faruqi Firm") as Lead Counsel.

## PRELIMINARY STATEMENT

Presently pending before this Court is a securities class action (the "Action") brought on behalf of persons or entities other than defendants Robert C. Flexon, Darren R. Jamison, John J. Juric, Scott W. Robinson and Frederick S. Hencken III (the "Defendants") who purchased or otherwise acquired Capstone Green Energy Corporation ("Capstone" or the "Company") securities between June 14, 2021 and September 22, 2023, inclusive (the "Class Period"), which seeks to recover damages caused by Defendants' violations of Sections 10(b) and 20(a) of the Exchange Act.

With respect to the appointment of a Lead Plaintiff to oversee the Action, Congress established a presumption in the PSLRA that requires the Court to appoint the most adequate plaintiff as the Lead Plaintiff for the action "[a]s soon as practicable[.]" 15 U.S.C. §§ 78u-4(a)(3)(B)(ii). The most adequate plaintiff is the person who has the largest financial interest in the litigation and who makes a showing that he satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure for class representatives. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

With total losses of $35,214.83, Hradecky and Harmon, to the best of counsels' knowledge, have the largest financial interest in the litigation of any movant. Hradecky and Harmon also satisfy

---

[1]     Unless stated otherwise, the following conventions apply: (1) all citations, internal quotation marks and footnotes are omitted; (2) all emphases are added; and (3) all "Ex. _" references are to the exhibits attached to the Declaration of Lisa T. Omoto filed herewith.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**No. 2:23-cv-08659-HDV-MAR**

Rule 23's typicality and adequacy requirements. Hradecky and Harmon's claims are typical of the Class's claims because they suffered losses on their Capstone investments as a result of Defendants' false and misleading statements.  Further, Hradecky and Harmon have no conflict with the Class and will adequately protect the Class's interests given their significant financial stake in the litigation, their conduct to date in prosecuting the litigation, their submission of the requisite PSLRA certification, and their selection of experienced class counsel.  Accordingly, Hradecky and Harmon are the presumptive Lead Plaintiffs.

If appointed Lead Plaintiffs, Hradecky and Harmon are entitled to select, subject to the Court's approval, Lead Counsel to represent the Class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Hradecky and Harmon have engaged the Faruqi Firm for this purpose. The Faruqi Firm is an appropriate selection to serve as Lead Counsel because the firm is highly experienced in successfully prosecuting class actions and securities class actions.

For the reasons summarized above and those explained more fully below, Hradecky and Harmon's motion should be granted in its entirety.

### FACTUAL BACKGROUND

Capstone is a California based gas turbine manufacturer that specializes in microturbine power along with heating and cooling cogeneration systems. Class Action Complaint for Violations of the Fed. Sec. Laws, ECF No. 1, at 1 ¶ 2. Throughout the Class Period, Capstone's shares actively traded on the NASDAQ. *Id.* at 12 ¶ 47.

On August 15, 2023, after the closing of trading, the Company announced its inability to timely file a Form 10-Q due to an "ongoing review and investigations by the Audit Committee of financial reporting and other matters." *Id.* at 1 ¶ 3.

On this news, the Company's stock price fell $0.05, or 5%, to close at $0.89 per share August 16, 2023, on unusually high trading volume. *Id.* at 1 ¶ 4. The Company's stock price continued to fall the next trading session by $0.05, or 5%, to close at $0.84 per share on August 17, 2023. *Id.*

Then, on August 18, 2023, after trading hours, the Company announced it had entered into a Fifth Amendment to its Amended and Restated Note Purchase Agreement among the Company, Goldman Sachs Specialty Lending Group, L.P., and a purchaser party. *Id.* at 1 ¶ 5. Capstone also reported receipt of a notice from the NASDAQ exchange that it was not in compliance with listing requirements due to its failure to file periodic financial reports. *Id.* at 1-2 ¶ 5.

On this news, the Company's stock price fell $0.26, or 30%, to close at $0.58 per share on August 21, 2023, on unusually high trading volume. *Id.* at 2 ¶ 6

Then, on September 22, 2023, after trading hours, the Company disclosed that certain financial statements could no longer be relied upon "as a result of apparent errors primarily related to revenue recognition associated with bill and hold transactions that were identified in the course a review by the Audit Committee[.]" *Id.* at 2 ¶ 7. The Company disclosed there were "numerous instances where bill and hold transactions did not appear to meet the requirements for revenue recognition under GAAP." *Id.*

Then, on September 28, 2023, the Company announced it had filed for Chapter 11 bankruptcy. *Id.* at 2 ¶ 8. On this news, the Company's stock price fell $0.10, or 17%, to close at $0.50 per share on September 28, 2023. *Id.*

Then, on October 4, 2023, after trading hours, it was announced that the Company would be delisted, and the ticker symbol changed from CGRN to CGRNQ. *Id.* at 2 ¶ 9.

Throughout the Class Period, Defendants made materially false and/or misleading statements, and failed to disclose material adverse facts about the Company's business, operations, and prospects. Specifically, Defendants failed to disclose to investors: (1) that the Company had engaged in "bill and hold transactions" with customers; (2) that these transactions were not reported pursuant to generally accepted accounting principles ("GAAP"); (3) that, "as a result of apparent errors primarily related to revenue recognition associated with bill and hold transactions" the Company lacked a reasonable basis to report certain financial results and was

3

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
No. 2:23-cv-08659-HDV-MAR

reasonably likely to restate its financial statements; and (4) that, as a result of the foregoing, Defendant's positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.* at 2 ¶ 10.

Through the Action, Hradecky and Harmon seek to recover for themselves and the absent Class members the substantial losses that were suffered as a result of Defendants' false and misleading statements.

ARGUMENT

I.   **HRADECKY AND HARMON SHOULD BE APPOINTED LEAD PLAINTIFFS FOR THE CLASS**

A.   **The PSLRA's Provisions Concerning The Appointment Of A Lead Plaintiff**

The PSLRA governs the appointment of a Lead Plaintiff for "each private action arising under the [Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(1); *see also* 15 U.S.C. § 78u-4(a)(3)(B).

Under the PSLRA, the Court is to consider any timely motion made by class members and is to appoint as Lead Plaintiff the movant that the Court determines to be "most capable of adequately representing the interests of class members[.]" 15 U.S.C. § 78u-4(a)(3)(B)(i). The Court's determination is to be based on the PSLRA's rebuttable presumption that the "most adequate plaintiff" is the person who: (1) has filed the complaint or made a timely motion for lead plaintiff; (2) possesses the largest financial interest in the litigation; and (3) satisfies the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *Cavanaugh*, 306 F.3d at 729-30 (describing the PSLRA's competitive process for determining the "most adequate plaintiff"); *Schriver v. Impac Mortg. Holdings, Inc.*, No. SACV 06-31 CJC (RNBx), 2006 WL 6886020, at *2-3 (C.D. Cal. May 2, 2006) (same).

Once it is determined which of the movants is the presumptive Lead Plaintiff, the presumption can be rebutted only upon proof by a class member that the presumptive Lead Plaintiff: "(aa) will not fairly and adequately protect the interests of the class; or (bb) is subject to

4

unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see also Cavanaugh*, 306 F.3d at 741 (describing the PSLRA's rebuttal requirements of the "presumptively most adequate plaintiff"); *Schriver*, 2006 WL 6886020, at *2 (same).

**B.      The PSLRA Requires That Hradecky and Harmon Be Appointed Lead Plaintiffs**

As discussed below, Hradecky and Harmon are entitled to be appointed Lead Plaintiffs because they hold the largest financial interest of any movant and otherwise satisfies Rule 23's typicality and adequacy requirements for class representatives.

**1.      Hradecky and Harmon Filed a Timely Motion**

Pursuant to the PSLRA, the first plaintiff to file a complaint in the action was required to publish notice within twenty (20) days of its filing. 15 U.S.C. § 78u-4(a)(3)(A)(i). Counsel for first-filed plaintiff Thomas Spitzer published notice of the lead plaintiff deadline via *Business Wire* on October 13, 2023. *See* Ex. A; *see also Montag v. Volkswagen AG*, No. 2:21-cv-03678-MCS-AS, 2021 WL 3930607, at *2 (C.D. Cal. July 21, 2021) (finding publication in *Business Wire* sufficient to satisfy the PSLRA's notice requirement). Consequently, any member of the proposed Class was required to seek to be appointed lead plaintiff within 60 days after publication of the notice, *i.e.*, on or before December 12, 2023. *See* 15 U.S.C. § 78u-4(a)(3)(A)(i)(II). Thus, Hradecky and Harmon's motion is timely filed.

Additionally, pursuant to the PSLRA, 15 U.S.C. § 78u-4(a)(2), Hradecky and Harmon timely signed and submitted the requisite certification, identifying all of the relevant transactions in Capstone securities during the Class Period, and detailing their suitability to serve as Lead Plaintiffs in this case. *See* Ex. B. Therefore, the PSLRA's procedural requirements have been met.

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**No. 2:23-cv-08659-HDV-MAR**

### 2. Hradecky and Harmon Have the Largest Financial Interest in the Relief Sought by the Class

The PSLRA requires the Court to adopt a rebuttable presumption that the "most adequate plaintiff" for lead plaintiff purposes is the person with the largest financial interest in the relief sought by the class. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

Although the PSLRA is silent as to the methodology courts are to use in determining which movant possesses the largest financial interest in the relief sought, courts in this Circuit and nationwide typically look to four factors: "(1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period; (3) the total net funds expended during the class period; and (4) the approximate losses suffered." *Richardson v. TVIA, Inc.*, No. C 06 06304 RMW, 2007 WL 1129344, at *3 (N.D. Cal. Apr. 16, 2007) (quoting *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 295 (E.D.N.Y. 1998)). Courts have placed the most emphasis on the last of the four factors: the approximate losses suffered by the movant. *See Pace v. Quintanilla*, No. SACV 14-2067-DOC (RNBx), 2014 WL 4180766, at *2 (C.D. Cal. Aug. 19, 2014) ("The PSLRA does not specify how to calculate the 'largest financial interest,' but the approximate losses suffered are the most determinative."); *Richardson*, 2007 WL 1129344, at *4 ("[C]ourts consider the fourth factor, the approximate losses suffered, as most determinative in identifying the plaintiff with the largest financial loss."); *Takara Trust v. Molex Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("[M]ost courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

Overall, during the Class Period, Hradecky and Harmon acquired 48,000 net shares and 57,196 total shares of Capstone common stock, expended $55,220.92 in net funds, and suffered losses of $35,214.83 when calculated using a last in, first out methodology. Ex. C. Hradecky and Harmon are unaware of any other movant with a larger financial interest in the outcome of this litigation.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL
No. 2:23-cv-08659-HDV-MAR

### 3. Hradecky and Harmon Satisfy Rule 23's Typicality and Adequacy Requirements

In addition to possessing the largest financial interest in the outcome of the litigation, the PSLRA states that the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(cc). When assessing a potential lead plaintiff, only Rule 23(a)'s typicality and adequacy requirements are relevant. *See, e.g.*, *Cavanaugh*, 306 F.3d at 732 ("So long as the plaintiff with the largest losses satisfies the typicality and adequacy requirements, he is entitled to lead plaintiff status"); *Andrade v. Am. Apparel, Inc.*, No. 10-06352 MMM (PJWx), 2011 WL 13130706, at *5 (C.D. Cal. Mar. 15, 2011) ("Some inquiry as to whether the presumptively most adequate plaintiff is adequate and has claims that are typical is nonetheless necessary under Rule 23 to determine whether there is reason to believe that he has interests at odds with the remainder of the class.").

When assessing a movant's typicality, courts in the Ninth Circuit consider whether other class members "have the same or similar injury, whether the action is based on conduct which is not unique to the [movant], and whether other class members have been injured by the same course of conduct." *Deinnocentis v. Dropbox, Inc.*, No. 19-cv-06348-BLF, 2020 WL 264408, at *4 (N.D. Cal. Jan. 16, 2020). A movant's "claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members and . . . is based on the same legal theory." *Ferrari v. Gisch*, 225 F.R.D. 599, 606 (C.D. Cal. 2004). That said, the Lead Plaintiff's claims need not be identical to the Class's claims to satisfy the typicality requirement. *See Romero v. Growlife, Inc.*, No. 2:14-cv-3015-CAS(JEMx), 2014 WL 3734543, at *2 (C.D. Cal. July 23, 2014) ("Under Rule 23's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of the absent class members; they need not be substantially identical."); *In re Heritage Bond Litig.*, No. MDL 02-ML-1475 DT, 2004 WL 1638201, at *7 (C.D. Cal. July 12, 2004) ("Courts have held that if the claims of the named plaintiffs and putative class members involve the same conduct by the defendant, typicality is established regardless of the factual differences.").

Hradecky and Harmon's claims are typical of the putative Class. Hradecky and Harmon purchased Capstone securities during the Class Period, suffered damages as a result of the false and misleading statements, and possess claims against Defendants under the federal securities laws. Because the factual and legal bases of Hradecky and Harmon's claims are similar to those of the Class, they necessarily satisfy the typicality requirements. *See Apple v. LJ Int'l, Inc.*, No. CV 07-6076 GAF (JWJx), 2008 WL 11343371, at *5 (C.D. Cal. Feb. 8, 2008) (finding movant's claims typical of the class where movant purchased stock during the class period when the value was inflated due to defendants' alleged misrepresentations).

With respect to adequacy, Rule 23(a)(4) requires that the representative party will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Adequate representation will be found if able and experienced counsel represents the Lead Plaintiff and if the Lead Plaintiff has no fundamental conflicts of interest with the interests of the class as a whole. *See Feyko v. Yuhe Int'l Inc.*, No. CV 11-05511 DDP (PJWx), 2012 WL 682882, at *3 (C.D. Cal. Mar. 2, 2012) (The adequacy "prong is satisfied where the lead plaintiff's attorneys are qualified and where its interests are not antagonistic to those of the class."); *In re Countrywide Fin. Corp. Sec. Litig.*, 273 F.R.D. 586, 603 (C.D. Cal. 2009) ("The two key inquiries [of adequacy] are (1) whether there are conflicts within the class; and (2) whether plaintiffs and counsel will vigorously fulfill their duties to the class.").

As evidenced by the representations in Hradecky and Harmon's certification, their interests are perfectly aligned with—and by no means antagonistic to—the interests of the Class. *See Kokkinis v. Aegean Marine Petroleum Network, Inc.*, No. 11 Civ. 0917(BSJ)(JCF), 2011 WL 2078010, at *2 (S.D.N.Y. May 19, 2011) (movant's certification evidenced adequacy to serve as lead plaintiff). Contemporaneously with the filing of the instant motion, Hradecky and Harmon have submitted a Joint Declaration with additional information about themselves, their work and educational background, and experience investing, clearly demonstrating their adequacy to represent class members. Hradecky has a strong business background. Ex. D. He is a retired

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL
No. 2:23-cv-08659-HDV-MAR

mortgage broker. *Id.* He has been investing for approximately twenty-five years and manages his own investments. *Id.* Harmon is a semi-retired nurse and a legal nurse consultant. She has been investing for approximately twenty years. Hradecky manages her investments.

Additionally, Hradecky and Harmon have selected and retained highly competent counsel to litigate the claims on behalf of themselves and the Class. As explained below in Section II, the Faruqi Firm is highly regarded for its experience, knowledge, and ability to conduct complex securities class action litigation. *See* Ex. E. Consequently, Hradecky and Harmon are more than adequate to represent the Class and have every incentive to maximize the Class's recovery.

In light of the foregoing, Hradecky and Harmon respectfully submit that they are the presumptive Lead Plaintiffs and should be appointed Lead Plaintiffs for the Action.

## II.    HRADECKY AND HARMON'S SELECTION OF THE FARUQI FIRM AS LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v), the Lead Plaintiff is entitled to select and retain Lead Counsel for the Class, subject to the Court's approval. Hradecky and Harmon have selected the Faruqi Firm to be Lead Counsel for the Class. The Faruqi Firm is a minority-owned and woman-owned law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. *See* Ex. E; *see also Reitan v. China Mobile Games & Ent. Grp., Ltd.*, 68 F. Supp. 3d 390, 401 (S.D.N.Y. 2014) (appointing the Faruqi Firm as sole lead counsel and noting: "Faruqi & Faruqi has extensive experience in the area of securities litigation and class actions. The firm's resume indicates that it has litigated more than ten prominent securities class actions since its founding in 1995. Faruqi & Faruqi achieved successful outcomes in many of these cases."). For example, the Faruqi Firm has previously obtained significant recoveries for injured investors. *See, e.g., Lowthorp v. Mesa Air Group, Inc.*, No. 2:20-cv-00648-MTL (D. Ariz.) (where, as sole lead counsel, the firm obtained final approval of $5 million settlement); *Rudani v. Ideanomics, Inc., et al.*, No. 1:19-cv-06741-GBD (S.D.N.Y.) (where, as sole lead

counsel, the firm obtained final approval of $5 million settlement); *In re: Revolution Lighting Techs., Inc. Sec. Litig.*, No. 1:19-cv-00980-JPO (S.D.N.Y.) (where, as sole lead counsel, the firm obtained final approval of $2,083,333.33 settlement); *Sterrett v. Sonim Techs., Inc.*, No. 3:19-cv-06416-MMC (N.D. Cal.) (where, as sole lead counsel, the firm obtained final approval of $2 million settlement); *Larkin v. GoPro, Inc.*, No. 4:16-cv-06654-CW (N.D. Cal. 2019) (where, as sole lead counsel, the firm obtained final approval of $6.75 million settlement); *In re Avalanche Biotechnologies Sec. Litig.*, No. 3:15-cv-03185-JD (N.D. Cal. 2018) (appointed as sole lead counsel in the federal action, and together with lead counsel in a parallel state action, obtained final approval of a $13 million global settlement); *Rihn v. Acadia Pharm., Inc.*, No. 3:15-cv-00575-BTM-DHB (S.D. Cal. 2018) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $2.925 million settlement); *In re Geron Corp., Sec. Litig.*, No. 3:14-CV-01224-CRB (N.D. Cal. 2017) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $6.25 million settlement); *In re Dynavax Techs. Corp. Sec. Litig.*, No. 3:13-CV-02796 (CRB) (N.D. Cal. 2016) (where, as sole lead counsel, the Faruqi Firm obtained final approval of a $4.5 million settlement); *McIntyre v. Chelsea Therapeutics Int'l, LTD*, No. 3:12-cv-00213-MOC-DCK (W.D.N.C. 2016) (where, as sole lead counsel, the Faruqi Firm secured the reversal of the district court's dismissal of the action at the Fourth Circuit, *see Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597 (4th Cir. 2015), and obtained final approval of a $5.5 million settlement); *In re L&L Energy, Inc. Sec. Litig.*, No. 1:13-CV-06704 (AJP) (S.D.N.Y. 2015) (where the Faruqi Firm, as co-lead counsel, secured a $3.5 million settlement); *In re Ebix, Inc. Sec. Litig.*, No. 1:11-CV-02400-RWS (N.D. Ga. 2014) (where the Faruqi Firm, as sole lead counsel for the class, secured a $6.5 million settlement); *Shapiro v. Matrixx Initiatives, Inc.*, No. CV-09-1479-PHX-ROS (D. Ariz. 2013) (where the Faruqi Firm, as co-lead counsel for the class, secured a $4.5 million settlement); *In re United Health Grp. Inc. Deriv. Litig.*, No. 27 CV 06-8085 (Minn. 4th Jud. Dist. 2009) (where the Faruqi Firm, as co-lead counsel, obtained a recovery of more than $930 million for the benefit of the Company and negotiated important corporate

10

governance reforms designed to make the nominal defendant corporation a model of responsibility and transparency); *In re Tellium Inc. Sec. Litig.*, No. 3:02-cv-5878-FLW-JJH (D.N.J. 2006) (where the Faruqi Firm, as co-lead counsel, recovered a $5.5 million settlement); *In re Olsten Corp. Sec. Litig.*, No. 0:97-CV-5056-DRH-ETB (E.D.N.Y. 2001) (where the Faruqi Firm, as co-lead counsel, recovered $24.1 million for class members); *Ruskin v. TIG Holdings, Inc.*, No. 1:98-cv-01068-LLS (S.D.N.Y. 2002) (where the Faruqi Firm, as co-lead counsel, recovered $3 million for the class); *In re CV Scis., Inc. Sec. Litig.*, No. 2:18-cv-01602-JAD-BNM (D. Nev.) (where, as sole lead counsel for the class, the firm obtained final approval of $712,500 settlement); and *In re Purchase Pro Inc. Sec. Litig.*, No. 2:01-cv-0483-JLQ-PAL (D. Nev. 2006) (where the Faruqi Firm, as co-lead counsel for the class, secured a $24.2 million settlement).

Currently, the Faruqi Firm is also litigating several prominent securities class actions. *See, e.g., Lim v. Hightower*, No. 4:23-cv-01454-BYP (N.D. Ohio) (appointed sole lead counsel for the class); *Johnson v. Luminar Techs., Inc.*, No. 6:23-cv-982-PGB-LHP (M.D. Fla.) (appointed sole lead counsel for the class); *Kain v. Ampio Pharms., Inc.*, No. 22-cv-02105-WJM-MEH (D. Colo.) (appointed sole lead counsel for the class); *Murphy v. Argo Blockchain plc*, No. 1:23-cv-00572-NRM-SJB (E.D.N.Y.) (appointed sole lead counsel for the class); *In re Revance Therapeutics, Inc. Sec. Litig.*, No. 5:21-cv-09585-EJD (N.D. Cal.) (appointed sole lead counsel for the class); *In Re Peloton Interactive, Inc. Sec. Litig.*, No. 1:21-cv-02369-CBA-PK (S.D.N.Y.) (appointed sole lead counsel for the class); *Halman Aldubi Provident & Pension Funds Ltd. v. Teva Pharms. Indus. Ltd.*, No. 20-4660-KSM (E.D. Pa.) (appointed sole lead counsel for the class); *In re Allergan PLC Sec. Litig.*, No. 18 Civ. 12089 (CM) (GWG) (S.D.N.Y.) (appointed sole lead counsel for the class); *In re Tahoe Res., Inc. Sec. Litig.*, No. 2:17-cv-01868-RFB-NJK (D. Nev.) (appointed as sole lead counsel for the class).

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL**
**No. 2:23-cv-08659-HDV-MAR**

The Faruqi Firm is a minority-owned and woman-owned[2] law firm, and, as reflected in the firm's resume, possesses extensive experience successfully litigating complex class actions on behalf of plaintiffs, including securities class actions. The Faruqi Firm has a proven track record of successfully representing its clients in these matters and is nationally recognized for its excellence. Not only does the firm have the experience and expertise necessary to obtain significant successes for its clients, it has a demonstrated commitment to diversity and inclusion that clients and judges increasingly seek from the bar.[3] Class members in securities class actions have diverse backgrounds, and that diversity should be reflected in class counsel. Currently, approximately 40% of the firm's partnership positions are held by women and minorities, and the firm is committed to growing this figure in the coming years.[4] The Faruqi Firm is proud to be made up of such a diverse group of legal professionals and strongly believes that its clients are better served because of it.

## CONCLUSION

For the foregoing reasons, Hradecky and Harmon respectfully request that the Court: (1) appoint them as Lead Plaintiffs for the Action; (2) approve their selection of the Faruqi Firm as Lead Counsel; and (3) grant such other relief as the Court may deem just and proper.

Dated:  December 12, 2023               Respectfully submitted,

By: /s/ *Lisa T. Omoto*
    Lisa T. Omoto

Lisa T. Omoto SBN 303830
**FARUQI & FARUQI, LLP**
1901 Avenue of the Stars, Suite 1060

---

[2] *See* Ex. F (certificate from Women's Business Enterprise National Council certifying the Faruqi Firm as a woman-owned business (renewal pending)).

[3] *See* Anne Cullen, *More Judges Are Demanding Diversity Among Class Counsel*, LAW360 (July 16, 2020, 10:00 PM), https://www.law360.com/articles /1292926/more-judges-are-demanding-diversity-among-class-counsel; Ralph Chapoco, *Calls for Lawyer Diversity Spread to Complex Class Litigation*, BLOOMBERG L. (July 30, 2020, 4:45 AM), https://www.bloomberglaw.com/document /XA1TPNEG000000?bna_news_filter=social-justice&jcsearch=BNA.

[4] *See Our Attorneys*, FARUQI & FARUQI, LLP, https://www.faruqilaw.com/our-attorneys (last visited Dec. 12, 2023).

12

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF WERNER HRADECKY AND KAREN HARMON'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFFS AND APPROVAL OF LEAD COUNSEL
No. 2:23-cv-08659-HDV-MAR

Los Angeles, CA 90067
Telephone: 424-256-2884
Facsimile: 424-256-2885
E-mail: lomoto@faruqilaw.com

James M. Wilson, Jr. (pro hac vice forthcoming)
Robert W. Killorin (pro hac vice forthcoming)
**FARUQI & FARUQI, LLP**
685 Third Avenue, 26th Floor
New York, NY 10017
Telephone: 212-983-9330
Facsimile: 212-983-9331
Email: jwilson@faruqilaw.com
Email: rkillorin@faruqilaw.com

*Attorneys for [Proposed] Lead Plaintiffs Werner Hradecky and Karen Harmon and [Proposed] Lead Counsel for the Class*

13

## CERTIFICATION UNDER LOCAL RULE 11-6.1

The undersigned, counsel of record for Proposed Lead Plaintiffs Werner Hradecky and Karen Harmon, certifies that this brief contains 4,030 words, which complies with the word limit of L.R. 11-6.1.

Date: December 12, 2023

**FARUQI & FARUQI, LLP**

By: _/s/ Lisa T. Omoto_
Lisa T. Omoto

14