Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SPITZER, Individually and on behalf of all others similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>ROBERT C. FLEXON, DARREN R. JAMISON, JOHN J. JURIC, SCOTT W. ROBINSON, and FREDERICK S. HENCKEN III,<br><br>　　　　Defendants. | Case No. 2:23-cv-8659 HDV (MARx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hernán D. Vera<br>HEARING: February 1, 2024<br>TIME: 10:00 a.m.<br>CTRM: 5B |

Michael Denisevich ("Movant") respectfully submits this memorandum of points and authorities in support of his motion for an Order, pursuant to Section 21D of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"):

(1) appointing Movant as Lead Plaintiff for all purchasers or acquirers of Capstone Green Energy Corp. ("Capstone" or the "Company") securities between June 14, 2021 and September 22, 2023, inclusive (the "Class Period"), to recover damages caused by Defendants' violations of the federal securities laws (the "Class"); and

(2) appointing The Rosen Law Firm, P.A. ("Rosen Law") and Pomerantz LLP ("Pomerantz") as Co-Lead Counsel for the Class.

## I.    PERTINENT BACKGROUND

This action was commenced on October 13, 2023 against Defendants Robert C. Flexon, Darren R. Jamison, John J. Juric, Scott W. Robinson, and Frederick S. Hencken III (collectively, "Defendants") for violations under the Exchange Act. Dkt. No. 1. That same day, an early notice pursuant to the PSLRA was issued advising class members of, among other things, the allegations and claims in the complaint, the Class Period, and of their option to seek appointment as Lead Plaintiff. *See* Declaration of Jennifer Pafiti in Support of Motion ("Pafiti Decl."), Ex. 1, filed herewith. Capstone is not named as a defendant in this action. Dkt. No. 1.

Defendant Capstone is based in California and is a gas turbine manufacturer that specializes in microturbine power along with heating and cooling cogeneration systems. *Id.* ¶ 2.

The Complaint alleges that throughout the Class Period, Defendants made false and/or misleading statements and/or failed to disclose: (1) that the Company had engaged in "bill and hold transactions" with customers; (2) that these transactions were not reported pursuant to generally accepted accounting principles

1

("GAAP"); (3) that, "as a result of apparent errors primarily related to revenue recognition associated with bill and hold transactions" the Company lacked a reasonable basis to report certain financial results and was reasonably likely to restate its financial statements; and (4) that, as a result of the foregoing, Defendants' positive statements about the Company's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Id.* ¶ 10.

On August 15, 2023, after the closing of trading, the Company announced its inability to timely file a Form 10-Q due to an "ongoing review and investigations by the Audit Committee of financial reporting and other matters." *Id*. ¶ 39.

On this news, the Company's stock price fell $0.05, or 5%, to close at $0.89 per share on August 16, 2023, on unusually high trading volume. *Id*. ¶ 40. The next day, the Company's stock price fell another $0.05, or 5%, to close at $0.84 per share on August 17, 2023. *Id.*

Then, on August 18, 2023, after trading hours, Capstone announced it had entered into a Fifth Amendment to its Amended and Restated Note Purchase Agreement among the Company, Goldman Sachs Specialty Lending Group, L.P. and a purchaser party. Capstone also reported receipt of a notice from the NASDAQ exchange stating that the Company was not in compliance with listing requirements due to its failure to file periodic financial reports.   *Id*. ¶ 41

On this news, the price of Capstone stock fell $0.26 per share, or 30%, to close at $0.58 per share on August 21, 2023, on unusually high trading volume. *Id*.

Then, on September 22, 2023, after trading hours, Capstone disclosed that, following an audit, certain financial statements could no longer be relied upon "as a result of apparent errors primarily related to revenue recognition associated with bill and hold transactions that were identified in the course a review by the Audit Committee[.]" *Id*. ¶ 42. As a result, the Complaint alleges the Audit Committee had concluded that certain previously issued financial statements were "materially incorrect, require restatement and should no longer be relied upon[.]" *Id*.

2

Further, the Company disclosed in the same filing that, due to the impact of the foregoing issues, the Company had not timely filed its annual report on Form 10-K for the fiscal year ended March 31, 2023 or its quarterly report for the period ended June 30, 2023. *Id*. ¶ 43.

Then, on September 28, 2023, the Company announced it had filed for Chapter 11 bankruptcy. *Id*. ¶ 44.

On this news, Capstone stock fell $0.10, or 17%, to close at $0.50 per share on September 28, 2023. *Id*.

Finally, on October 4, 2023, after trading hours, it was announced that the company would be delisted, and that the ticker symbol would be changed from CGRN to CGRNQ. *Id*. ¶ 45.

As a result of Defendants' wrongful acts and omissions, and the precipitous decline in the market value of the Company's securities, Plaintiff and other Class members have suffered significant losses and damages. *See id*. ¶ 55.

## II.   ARGUMENT

### A.   MOVANT SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. 15 U.S.C. § 78u-4(a)(3)(B). The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i)-(ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and

3

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

As set forth below, Movant satisfies the above criteria, has the largest financial interest of any movant in this litigation, and is therefore the most adequate plaintiff and should be appointed as Lead Plaintiff.

### 1.    Movant is Willing to Serve as Class Representative

Movant has made a timely motion in response to a PSLRA early notice. *See* Pafiti Decl., Ex. 1. Additionally, as set forth in his PSLRA certification, Movant attests that he has reviewed the complaint, adopts the allegations therein, and is willing to serve as representative of the class. *See* Pafiti Decl., Ex. 2. Accordingly, Movant satisfies the first requirement to serve as Lead Plaintiff for the Class.

### 2.    Movant has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group . . . that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *Cavanaugh*, 306 F.3d at 730. While the PSLRA does not specify precisely how to calculate the "largest financial interest", a movant's approximate losses in the subject securities is the best measure. *Richardson v. TVIA*, No. C 06 06304 RMW. , 2007 WL 1129344, at *4 (N.D. Cal. Apr. 16, 2007) (citing cases).

Movant lost approximately $299,303 in connection with his purchases of Capstone securities during the Class Period. *See* Pafiti Decl., Ex. 3. Movant is not aware of any other movant that has suffered greater losses in the Company's securities during the Class Period. Accordingly, Movant satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class.

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-8659 HDV (MARx )

### 3. Movant Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

The PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiff must "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Federal Rule of Civil Procedure Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

In making its determination that Movant satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification—a *prima facie* showing that Movant satisfies the requirements of Rule 23 is sufficient. *Cavanaugh*, 306 F.3d at 730-31. At the lead plaintiff stage, "[t]he typicality and adequacy requirements of Rule 23 are the main focus" and "[e]xamination of the remaining requirements [of Rule 23] are deferred until the lead plaintiff moves for class certification." *Richardson*, 2007 WL 1129344, at * 4 (citing *Cavanaugh*, 306 F.3d at 730).

"The test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL
2:23-cv-8659 HDV (MARx )

of conduct.'" *Richardson*, 2007 WL 1129344, at *4 (quoting *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)).

Movant satisfies the typicality requirement of Rule 23. Movant shares substantially similar questions of law and fact with the members of the Class, and his claims are therefore typical of the members of the Class. Movant and all members of the Class allege that Defendants violated the Exchange Act by publicly disseminating false and misleading statements about the Company and its business. Movant, as did other of the members of the Class, purchased Capstone securities during the Class Period at prices artificially inflated due to Defendants' misrepresentations and omissions, and was damaged thereby. These shared claims satisfy the requirement that the claims of the representative party be typical of the claims of the class.

In determining whether the adequacy of representation requirement of Rule 23(a)(4) is met, courts in the Ninth Circuit consider whether "the representative plaintiffs and their counsel have any conflicts of interest with other class members" and ask "will the representative plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Staton v. Boeing Co.*, 327 F.3d 938, 957 (9th Cir. 2003) (citations omitted).

Movant is an adequate representative for the Class. Here, Movant has submitted a signed Certification declaring his commitment to protect the interests of the Class. *See* Pafiti Decl., Ex. 2. There is no evidence of antagonism or conflict between Movant's interests and those of the Class, and Movant's significant financial interest demonstrates that he has a sufficient interest in the outcome of this litigation that gives him an incentive to vigorously prosecute the claims in the action on behalf of the Class. Moreover, Movant has retained counsel highly experienced in vigorously and efficiently prosecuting securities class actions such as the instant action, and submits his choice of Rosen Law and Pomerantz to the Court for approval as Co-Lead Counsel pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). In addition

6

to Rosen Law and Pomerantz, Movant is also represented by The Schall Law Firm in this litigation.

Further demonstrating his adequacy, Movant has submitted a Declaration attesting to, *inter alia*, his background, his investing experience, his understanding of the responsibilities of a Lead Plaintiff pursuant to the PSLRA, his decision to seek appointment as Lead Plaintiff, and the steps that he is prepared to take to prosecute this litigation on behalf of the Class. *See* Pafiti Decl., Ex. 4.

Thus, the close alignment of interests between Movant and other Class members, as well as Movant's desire to prosecute this action on behalf of the Class, provides ample reason to appoint Movant as Lead Plaintiff.

### 4. Movant Will Fairly and Adequately Represent the Interests of the Class and is Not Subject to Unique Defenses

The presumption in favor of appointing Movant as Lead Plaintiff may be rebutted only upon proof "by a member of the purported plaintiff class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interests of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Movant's ability and desire to fairly and adequately represent the Class has been discussed above. Movant is not aware of any unique defenses that Defendants could raise against him that would render Movant inadequate to represent the Class. Accordingly, the Court should appoint Movant as Lead Plaintiff for the Class.

### B. MOVANT'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The

7

Court should only interfere with the Lead Plaintiff's selection when necessary to "protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Movant has selected Rosen Law and Pomerantz as Co-Lead Counsel. The firms have been actively researching the Class's and Movant's claims, reviewing publicly available financial and other documents and gathering information in support of the claims against Defendants. Furthermore, the firms have an extensive history bringing significant recoveries to investors and are experienced in securities litigation and class actions, having been appointed as lead counsel in securities class actions in this District and in other courts throughout the nation. *See* Pafiti Decl., Exs. 5-6.

As a result of these firms' extensive experience in litigation involving issues similar to those raised in this action, Movant's counsel have the skill and knowledge that will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Movant's selection of Co-Lead Counsel, the members of the Class will receive the best legal representation available.

## III.   CONCLUSION

For the foregoing reasons, Movant respectfully requests that the Court issue an Order: (1) appointing Movant as Lead Plaintiff of the Class; (2) approving Rosen Law and Pomerantz as Co-Lead Counsel; and (3) granting such other relief as the Court may deem to be just and proper.

Dated: December 12, 2023                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024

8

Telephone: (310) 405)-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant and [Proposed] Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

*Additional Counsel for Movant*

9

## CERTIFICATE OF PAGE LIMIT AND WORD COUNT

The undersigned, counsel of record for Michael Denisevich, certifies that this brief is less than 25 pages and contains 2,363 words, which complies with the page limit of Your Honor's Standing Order Rule IX.C. and the word limit of L.R. 11-6.1.

Executed on December 12, 2023.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

11