Laurence M. Rosen, Esq. (SBN 219683)
**THE ROSEN LAW FIRM, P.A.**
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

Jennifer Pafiti (SBN 282790)
**POMERANTZ LLP**
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405-7190
Email: jpafiti@pomlaw.com

*Counsel for Movant Michael Denisevich and [Proposed] Co-Lead Counsel for the Class*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS SPITZER, Individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT C. FLEXON, DARREN R. JAMISON, JOHN J. JURIC, SCOTT W. ROBINSON, and FREDERICK S. HENCKEN III,<br><br>Defendants. | Case No. 2:23-cv-8659 HDV (MARx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS**<br><br><u>CLASS ACTION</u><br><br>JUDGE: Hernán D. Vera<br>HEARING: February 1, 2024<br>TIME: 10:00 a.m.<br>CTRM: 5B |

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 2:23-cv-8659 HDV (MARx )

Movant Michael Denisevich ("Denisevich") respectfully submits this Memorandum of Points and Authorities in further support of his motion for appointment as Lead Plaintiff and approval of his selection of Rosen Law[1] and Pomerantz as Co-Lead Counsel (Dkt. No. 18); and in opposition to the competing motions of: (i) David Horning ("Horning") (Dkt. No. 10); and (ii) Werner Hradecky and Karen Harmon (together, "Hradecky and Harmon") (Dkt. No. 14).

## I.    PRELIMINARY STATEMENT

The above-captioned action (the "Action") is a putative securities class action lawsuit on behalf of investors in Capstone securities. As with all federal class action securities lawsuits, a lead plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court must appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the Action; and that satisfies the requirements of Federal Rule of Civil Procedure 23 ("Rule 23"). 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Denisevich, who incurred a loss of approximately $299,303 in connection with his Class Period purchases of Capstone securities. *See* Dkt. No. 20-3 at *2. Although the PSLRA does not define "financial interest," courts in the Ninth Circuit, including this District, generally assess the financial interest of lead plaintiff movants by examining the so-called *Lax* factors, first articulated in the seminal decision in *Lax v. First Merchants Acceptance Corp.*: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. No. 97 C 2715, 1997 WL 461036, at *5 (N.D. Ill. Aug. 6, 1997); *see, e.g.*, *Knox v.*

---

[1] All capitalized terms herein are defined in Denisevich's moving brief (Dkt. No. 19), unless otherwise indicated.

1

*Yingli Green Energy Holding Co.*, 136 F. Supp. 3d 1159, 1163 (C.D. Cal. 2015) ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, No. 5:11-CV-04003-LHK, 2012 WL 78780, at *4 (N.D. Cal. Jan. 9, 2012) (same). Of the *Lax* factors, courts in the Ninth Circuit, including this District specifically, recognize that the amount of financial loss is the most significant factor to be considered. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163 (emphasizing loss in assessing financial interest); *Nicolow v. Hewlett Packard Co.*, Nos. 12-05980 CRB *et al.*, 2013 WL 792642, at *4 (N.D. Cal. Mar. 4, 2013) (same). The table below sets forth the respective financial interests of the competing movants:

| Movant | Loss |
|---|---|
| Denisevich | $299,303 |
| Horning | $64,353 |
| Hradecky and Harmon | $35,215 |

As the above table reflects, Denisevich's $299,303 loss is more than ***three times*** larger than the losses incurred by all competing movants ***combined***. As such, it cannot reasonably be disputed that Denisevich has alleged the largest financial interest in this litigation.

In addition to his significant financial interest, Denisevich also satisfies the typicality and adequacy requirements of Rule 23. Denisevich's claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the claims of the other Class members. *See Vataj v. Johnson*, No. 19-CV-06996-HSG, 2020 WL 532981, at *3 (N.D. Cal. Feb. 3, 2020). Denisevich is aware of no conflict between his interests and those of the Class, his losses incurred as a result of the Defendants' alleged fraud gives him a sufficient

2

stake in the outcome of this Action to ensure vigorous advocacy, and in Rosen Law and Pomerantz, Denisevich has retained qualified and experienced counsel. *See Karinski v. Stamps.com, Inc.*, No. CV 19-1828-R, 2019 WL 8013753, at *1 (C.D. Cal. June 5, 2019). Further demonstrating his adequacy, Denisevich has submitted a detailed Declaration providing the Court with biographical information about himself and attesting to, *inter alia*, his understanding of the significance of his motion, the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, and his readiness to shoulder these responsibilities on behalf of the Class. *See* Dkt. No. 20-4 at 1-3 ¶¶ 1-2, 4-6, 8.

For the reasons set forth herein, Denisevich respectfully submits that his motion should be granted in its entirety and that the competing motions should be denied.

## II.    ARGUMENT

### A.    DENISEVICH SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA creates a strong presumption that the Lead Plaintiff is the movant that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The movant with the largest financial interest need only make a *prima facie* showing at this stage that it satisfies the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d 726, 730-31 (9th Cir. 2002). Once this presumption is triggered, it may be rebutted only upon "***proof***" that the presumptive Lead Plaintiff will not fairly represent the interests of the Class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). Here, the most adequate representative for the Class is Denisevich.

3

**1.      Denisevich has the largest financial interest in the relief sought by the Class**

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." *Id.* § 78u-4(a)(3)(B)(iii). The PSLRA does not prescribe a particular method of calculating the size of a movant's financial interest in the relief sought by the class. *See id.* § 78u-4(a)(3)(B)(iii)(I)(bb); *Cavanaugh*, 306 F.3d at 730 n.4 ("[T]he court may select accounting methods that are both rational and consistently applied."). Courts in the Ninth Circuit, including this District, generally assess the financial interest of lead plaintiff movants by examining the four *Lax* factors: (1) the number of shares purchased during the class period; (2) the number of net shares purchased during the class period (also referred to as "retained shares"); (3) the total net funds expended during the class period; and (4) the approximate losses suffered. *Lax*, 1997 WL 461036, at *5; *see, e.g.*, *Knox*, 136 F. Supp. 3d at 1163 ("District courts have typically considered the [*Lax*] factors to determine who has the largest financial interest[.]" (internal quotation marks and citations omitted)); *Royal Oak*, 2012 WL 78780, at *4 (same). Courts in the Ninth Circuit, including this District specifically, routinely consider monetary loss to be the most significant factor in assessing a lead plaintiff movant's financial interest under the PSLRA. *See, e.g.*, *Knox*, 136 F. Supp. 3d at 1163 (emphasizing loss in assessing financial interest); *Nicolow*, 2013 WL 792642, at *4 (same).

Under the foregoing analysis, no competing movant seeking appointment as Lead Plaintiff in this Action has a larger financial interest in the litigation than Denisevich. Here, as the chart at p. 2 reflects, Denisevich incurred a ***$299,303*** loss in connection with his Class Period purchases in Capstone securities, which is more

4

than *three times* larger than the *combined* loss of all competing movants ($99,568). Denisevich thus clearly possesses the largest financial interest in this Action of any of the competing movants and, therefore, is the presumptive "most adequate plaintiff". 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

### 2.    Denisevich satisfies the requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the Class, Denisevich has also made the requisite *prima facie* showing that he satisfies the typicality and adequacy requirements of Rule 23. *See Cavanaugh*, 306 F.3d at 730-31.

First, Denisevich's claims satisfy the typicality requirement of Rule 23(a)(3) because his claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims. *See Vataj*, 2020 WL 532981, at *3. Denisevich, like other Class members, purchased Capstone securities during the Class Period at prices alleged to have been artificially inflated by Defendants' misrepresentations or omissions and was damaged upon the disclosure of those misrepresentations and/or omissions. These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class's claims, satisfy the typicality requirement of Rule 23. *Id.*

Second, Denisevich satisfies the adequacy requirement of Rule 23(a)(4) because his interests are aligned with those of the Class, he is incentivized to prosecute this litigation vigorously on behalf of the Class, and he has retained counsel for the Class that is qualified and competent. *See Karinski*, 2019 WL 8013753, at *1. Here, there is no evidence of antagonism or conflict between Denisevich's interests and those of the Class, Denisevich's $299,303 loss gives him a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, he has submitted a signed Certification declaring his

5

commitment to protect the interests of the Class (*see* Dkt. No. 20-2 at *2-3), and, in Rosen Law and Pomerantz, he has retained counsel that is highly experienced in vigorously and efficiently prosecuting securities class actions like this Action (*see* Dkt. Nos. 20-5 §§ II.-III., at 10-21; 20-6 at 1-11).    Denisevich has further demonstrated his adequacy by submitting with his motion papers a Declaration that provides detailed information about himself, including his age, city and state of residence, investment experience, and professional and educational background, and that attests to, *inter alia*, his understanding of the significance of his motion and the responsibilities of a Lead Plaintiff appointed pursuant to the PSLRA, as well as his readiness to shoulder these responsibilities on behalf of the Class.  *See* Dkt. No. 20-4 at 1-3 ¶¶ 1-2, 4-6, 8.

*****

Because Denisevich has the largest financial interest of any competing lead plaintiff movant in the relief sought by the Class and otherwise satisfies the requirements of Rule 23, he is the presumptive "most adequate" plaintiff of the Class within the meaning of the PSLRA.

To overcome the strong presumption entitling Denisevich to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is inadequate.  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added).  No such proof exists in this case and any speculative arguments to the contrary should be flatly rejected.

### B.    DENISEVICH'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the approval of the Court.  *See id.* § 78u-4(a)(3)(B)(v).  The

6

Court should interfere with a lead plaintiff's selection only when necessary to "protect the interests of the class." *Id.* § 78u-4(a)(3)(B)(iii)(II)(aa).

Here, Denisevich has selected Rosen Law and Pomerantz as Co-Lead Counsel for the Class. As their respective firm resumes reflect, Rosen Law and Pomerantz are highly experienced in the areas of securities litigation and class actions and have successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors. *See* Dkt. Nos. 20-5 §§ II.-III., at 10-21; 20-6 at 1-11. Thus, the Court may be assured that by approving Denisevich's selection of counsel, the members of the Class will receive the best legal representation available. *See, e.g.*, *In re Cheetah Mobile, Inc. Sec. Litig.*, No. CV205696MWFAFMX, 2021 WL 99635, at *4-5 (C.D. Cal. Jan. 12, 2021) (appointing Rosen Law and Pomerantz as Co-Lead Counsel under the PSLRA, finding the "choice of Rosen Law and Pomerantz as Co-Lead Counsel is reasonable", that they "each have extensive experience prosecuting complex securities class actions such as this one, and are well qualified to represent the putative Class", that "[b]oth firms have been appointed as Lead Counsel or Co-Lead Counsel in numerous securities class action cases, and they have both achieved numerous settlements on behalf of the securities classes that they have represented").

## C.   THE COMPETING MOTIONS SHOULD BE DENIED

Given that Denisevich has alleged the largest financial interest in the relief sought by the Class, it is self-evident that no other movant can satisfy the PSLRA's first criterion for appointment as Lead Plaintiff. This fact alone mandates denial of the competing motions by Horning (Dkt. No. 10) and Hradecky and Harmon (Dkt. No. 14).

## III.   CONCLUSION

For the foregoing reasons, Denisevich respectfully requests that the Court issue an Order: (1) appointing Denisevich as Lead Plaintiff for the Class; and (2) approving his selection of Rosen Law and Pomerantz as Co-Lead Counsel for the Class.

Dated: January 11, 2024                    Respectfully submitted,

**POMERANTZ LLP**

*/s/ Jennifer Pafiti*
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, CA 90024
Telephone: (310) 405)-7190
Email: jpafiti@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (SBN 219683)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: (213) 785-2610
Facsimile: (213) 226-4684
Email: lrosen@rosenlegal.com

*Counsel for Movant Michael Denisevich and [Proposed] Co-Lead Counsel for the Class*

**THE SCHALL LAW FIRM**
Brian Schall (290685)
Rina Restaino (285415)
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
Telephone: (310) 301-3335
Email: brian@schallfirm.com
Email: rina@schallfirm.com

8

*Additional Counsel for Movant Michael Denisevich*

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 2:23-cv-8659 HDV (MARx )

## **CERTIFICATE OF PAGE LIMIT AND WORD COUNT**

The undersigned, counsel of record for Michael Denisevich, certifies that this brief is less than 25 pages and contains 2,023 words, which complies with the page limit of Your Honor's Standing Order Rule IX.C. and the word limit of L.R. 11-6.1. Executed on January 11, 2024.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

MEMORANDUM OF POINTS AND AUTHORITIES: (1) IN FURTHER SUPPORT OF MOTION OF MICHAEL DENISEVICH FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF CHOICE OF COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS - 2:23-cv-8659 HDV (MARx )

## CERTIFICATE OF SERVICE

I hereby certify that on January 11, 2024, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

*/s/ Jennifer Pafiti*
Jennifer Pafiti

11